UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-00188-01 |
| | CIVIL ACTION NO. 22-1424 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MARQUIST KENYON BURNS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Marquist Kenyon Burns ("Burns"). See Record Document 59. The United States of America ("the Government") opposes the motion. See Record Document 65. For the reasons set forth below, Burns's motion is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 22, 2020, Burns pleaded guilty to an Indictment (Record Document 1) for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). See Record Document 24. On July 13, 2021, this Court sentenced Burns to fifty-one months imprisonment, followed by a supervised release period of three years. See Record Document 43. On February 22, 2022, the United States Court of Appeals for the Fifth Circuit affirmed Burns's conviction and sentence. See Record Document 58. Burns did not file a petition for writ of certiorari with the United States Supreme Court.

On May 26, 2022, Burns filed a Motion to Vacate under 28 U.S.C. § 2255. See Record Document 59. In his motion, Burns argues that his sentence should be vacated and corrected, citing ineffective assistance of counsel at the sentencing stage. See id. Burns asserts that his attorney helped him draft a letter to the Court prior to sentencing

1

"that could only have, and did in fact, adversely affect the sentence imposed." See id. at 4.

The letter at issue was submitted on June 24, 2021 as part of a larger "Letters of Reference" document filed by the Defendant and his counsel prior to sentencing. See Record Document 39. In this letter to the Court, Burns stated that the firearms he plead guilty to possessing were given to him "by an associate" before Burns sold them to a pawn shop. See id. Burns did not acknowledge any involvement in the related burglary during which the same firearms were stolen shortly before Burns sold them. See id.

The aforementioned burglary was still under investigation when the initial presentence investigation report ("PSR") for Burns was filed. See Record Document 35 at 5. The PSR originally stated: "It is likely Burns was involved in the said burglary as he possessed and disposed of the stolen firearms so quickly. However, no specific evidence has been found creating a nexus for the court to make a solid preponderance finding." See id. The PSR went on to state that "two cigarette butts were recovered at the scene of the burglary and have been submitted to the crime lab for a DNA comparison." See id. Based on the information available at the time, the PSR did not recommend a four-level increase for possession of a firearm in connection with another felony offense. See id. at 6. Further, the PSR reduced the offense level by three points for acceptance of responsibility by Burns. See id. Thus, with a criminal history category of IV, the suggested imprisonment range was thirty to thirty-seven months. See id. at 17.

In the interim before sentencing, Burns, through his attorney, filed objections to the PSR. See Record Document 37. Then, on June 4, 2021, Burns filed the above-mentioned letter, in which he explained that he sold the firearms to make "quick cash," but did not

2

mention any involvement with the burglary. See Record Document 39. However, on June 23, 2021, the crime lab returned the results of its test, which found Burns's DNA on the cigarette butts recovered from the scene of the burglary. See Record Document 42-6. This information was made available to the parties on June 29, 2021. See Record Document 42 at 3.

Thereafter, a revised PSR addressed the new DNA evidence and recommended a four-level increase for Burns's involvement in the burglary. See Record Document 40 at 6. Further, the revised PSR removed the three-level reduction for acceptance of responsibility, stating that Burns "create[d] a false narrative about how he came to possess and dispose of the stolen firearms" in the letter he submitted to the Court. See id. The new suggested sentence in the PSR was sixty-three to seventy-eight months. See id. at 18.

At the sentencing hearing, Burns's counsel addressed the letter and the burglary, objecting to the removal of the three-level reduction. See Record Document 65 at 5. Burns himself continued to contest his alleged involvement with the burglary, stating at the hearing that he knew the people who lived in the residence where the firearms were stolen, thus explaining the presence of cigarette butts with his DNA there. See id. at 7. Considering the argument of counsel and Burns's own statements, the Court ultimately denied the three-level reduction. See id. The Court found the total offense level to be twenty (after granting an objection to a two-point enhancement for a third gun), and with a criminal history category of IV, the imprisonment range was fifty-one to sixty-three months. See id. The Court then sentenced Burns to fifty-one months. See id.

3

In its opposition to Burns's Section 2255 motion, the Government asserts that Burns cannot meet the two-part Strickland test for ineffective assistance of counsel because Burns's attorney's actions were neither unreasonable nor prejudicial as they relate to Burns's letter to the Court. See id.

## LAW AND ANALYSIS

### I. Legal Standards

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 102 S. Ct. 1584, 1592 (1982)). Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Section 2255 is not a substitute for direct appeal. See United States v. McGrew, 397 Fed. Appx. 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." Scruggs, 691 F.3d at 666 (citation omitted). Issues raised and settled on direct appeal are also not cognizable in a Section 2255. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); United States v. Fields, 761 Fed. Appx. 443, 466 (5th Cir. 2014).

Allegations concerning the performance of one's attorney can be considered under Section 2255 without the defendant overcoming the procedural bar. See Massaro v. United States, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003) (holding that claims of ineffective assistance of counsel may be raised for the first time in a proceeding under 28

U.S.C. § 2255); United States v. Ramos, 801 F. App'x 216, 226 (5th Cir. 2020) (citing Massaro for proposition that "[t]he Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising allegations of ineffective assistance of counsel").

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must show his counsel's performance was deficient, and the deficiency resulted in prejudice to the defendant. See Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984). The proper standard for attorney performance is that of "reasonably effective assistance," and reasonableness is measured according to "prevailing professional norms." Id. at 687–88. Among other responsibilities, this standard demands that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004) (citing U.S. v. Conley, 349 F.3d 837, 839 (5th Cir. 2003)). In order to prove prejudice, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. See id. at 695. When asserting errors concerning sentencing, the petitioner must show that he would have received less time in prison had it not been for his counsel's errors. See U.S. v. Franks, 230 F.3d 811, 815 (5th Cir. 2000).

II.     **Analysis**

Burns's only argument to vacate his sentence is that he received ineffective assistance of counsel with respect to the letter sent to the Court prior to sentencing. See Record Document 59. In response, the Government asserts that Burns's attorney's actions were not unreasonable, and thus, Burns cannot satisfy the Strickland test. See

5

Record Document 65 at 12. The Government argues that Burns's attorney was reasonable in relying on the information given to her by her client, Burns, and advising him based on the facts available to her. See id. This Court agrees and finds that Burns fails to meet the first prong of the Strickland test.

In Strickland, the Supreme Court stated that the reasonableness of an attorney's decision "may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based quite properly...on information supplied by the defendant." Strickland, 466 U.S. at 689. Generally, an attorney's reliance on information from the defendant-client cannot be considered unreasonable. See, for e.g., Johnson v. Cabana, 805 F.2d 579, 581 (5th Cir. 1986) ("[I]f counsel receives information from his client, the accuracy of which counsel has no reason to doubt, it will ordinarily be unnecessary for counsel to verify the information from an alternate source even if the information from that source is readily available."); Lackey v. Johnson, 116 F.3d 149, 152 (5th Cir. 1997) ("In general, counsel is not ineffective for failing to discover evidence about which the defendant knows but withholds from counsel."). Here, Burns's attorney relied on the information Burns himself provided regarding how he came to possess the firearms, and the attorney assisted him in drafting a letter to the Court based on those representations. It was not until after the DNA test returned that Burns's attorney apparently had the full story. And even after Burns's DNA was found at the scene of the burglary, Burns continued to deny involvement. Thus, Burns's attorney was not unreasonable in relying on Burns's representations and thereafter advising Burns to write a letter to the Court in which he explained how and why he sold the firearms at issue, without mentioning the burglary.

6

Even if Burns's attorney's actions were unreasonable, the Government argues that the Section 2255 claim still fails under Strickland because any deficiency in counsel's performance was not prejudicial. See Record Document 65 at 13. The Court agrees and finds that the three-level reduction for acceptance of responsibility would still be denied, regardless of the letter, because of Burns's continued insistence at the hearing that he was not involved in the burglary. The commentary to the sentencing guideline at issue states that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.1(A)). Thus, the Court would still have found Burns to have "acted in a manner inconsistent with acceptance of responsibility" based on his own assertions at the hearing, regardless of the letter the attorney helped Burns draft. Thus, Burns cannot satisfy the Strickland test under either prong, and his claim for ineffective assistance of counsel under Section 2255 fails.

## CONCLUSION

For the stated reasons, Burns's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 59) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the

7

applicant has failed to demonstrate a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2255(c)(2).

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 1st day of March, 2023.

/S. Maurice Hicks/
S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT